IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**VALLEY TOOL, INC.**                                                  **PLAINTIFF**

v.                                                      **CIVIL ACTION NO.: 3:22-CV-00211-MPM-RP**

**CHEYTAC USA and**
**JOHN DOES 1-10**                                              **DEFENDANTS**

## ORDER

This cause comes before the court on the motion of plaintiff Valley Tool, Inc. to remand this case to the Circuit Court of Yalobusha County. Defendant CheyTac USA has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

In seeking remand, plaintiff argues, and this court agrees, that it was not timely removed within the thirty-day period set forth in 28 U.S.C. § 1446(b)(1). This statute provides that:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

*Id.* Federal law thus required CheyTac to remove this action within thirty days of service of process of a complaint setting forth a basis for federal jurisdiction.

The record reveals that, on April 11, 2022, plaintiff provided defendant with service of process of a state court complaint which alleged that (1) Valley Tool is a Mississippi corporation; (2) CheyTac is a Tennessee corporation; and that (3) Valley Tool is seeking

1

damages in excess of $154,753.59 from CheyTac. In spite of being served with a complaint alleging that all the requisites of diversity jurisdiction were met, defendant did not remove this case until September 29, 2022, i.e. well in excess of the thirty-day period required by statute.

In seeking to justify its late removal, defendant relies upon an argument that this case did not become removable until after the state court had denied its Rule 12(b)(2) motion seeking dismissal for lack of personal jurisdiction. Specifically, defendant argues in its brief that:

> It is undisputed that there is complete diversity of citizenship between the parties to this action and that the amount in controversy exceeds the federal jurisdictional amount. Thus, Valley Tool's argument that the case should be remanded rests solely on its assertion that CheyTac's removal was untimely. In making this argument, Valley Tool would have the Court disregard the fact that prior to filing its Notice of Removal, CheyTac had not filed an Answer or other responsive pleading; it had only filed a Motion to Dismiss based on lack of in personam jurisdiction. Unless and until the state court ruled on that Motion, in CheyTac's reasonable interpretation, there simply was no action to be removed. *See* 28 U.S.C. § 1446(b)(3). To be plain: if the Circuit Court had granted CheyTac's Motion to Dismiss, there would be no action in Mississippi. The state court's Order denying the Motion to Dismiss was the first time at which CheyTac reasonably knew that there was an action to be removed. *Id.*

[Brief at 2].

In so arguing, defendant makes a highly novel argument which this court finds to be clearly lacking in merit. Defendant does cite § 1446(b)(3), which provides that:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order[,] or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id.* In the court's view, § 1446(b)(3) is inapplicable on its face here, since its provisions only apply, by their terms, "if the case stated by the initial pleading is not removable." The complaint in this case, by contrast, clearly alleged all the facts necessary for removal, and it was accordingly necessary for defendant to do so within the thirty-day period set forth in § 1446(b)(1).

2

This court notes that its own search of federal precedent revealed a large number of cases in which Rule 12(b)(2) motions to dismiss for lack of jurisdiction were filed *after* removal. *See, e.g. Polaz v. Bowers Trucking, LLC*, 2018 WL 1413454, at *1 (E.D.N.Y. Mar. 20, 2018); *Martin v. Maurer*, 2016 WL 3182023, at *1 (S.D. Ind. June 8, 2016); *Paayo Ta Tr. v. MAV Int'l, Inc.*, 2000 WL 36739523, at *2 (D.N.M. Aug. 23, 2000); *Hardwire, LLC v. Zero Int'l, Inc.*, 2014 WL 5144610, at *1 (D. Del. Oct. 14, 2014). That being the case, defendant's argument that resolution of the 12(b)(2) motion in state court was somehow necessary prior to removal, or that a removable case did not exist until then, is simply wrong. This court concludes that this is a case which was clearly removed too late, and it is therefore due to be remanded.

It is therefore ordered that plaintiff's motion to remand is granted, and this case is hereby remanded to the Circuit Court of Yalobusha County.[1]

So ordered, this the 5th day of January, 2023

_____
U.S. DISTRICT COURT

---

[1] This court notes that plaintiff seeks attorneys' fees for its costs in filing the motion to remand. This court concludes that, while removal of this case was improper, the actions of defendant do not warrant the imposition of attorneys' fees.